UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00088-FDW
(3:06-cr-00096-FDW-1)

| | |
|---|---|
| WILLIAM ROOSEVELT HILL CLOUD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon Petitioner William Roosevelt Hill Cloud's pro se Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255. (Doc. No. 1- Doc. No. 1-5.)

**I.    RELEVANT PROCEDURAL HISTORY**

Petitioner is a federal prisoner, who, on January 3, 2017, filed a 542-page document in the United States District Court for the Eastern District of North Carolina. (Doc. No. 1 – Doc. No. 1-5.) The document purports to be a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1 at 1.) However, because Petitioner's filings challenge the legality, rather than the execution, of his conviction and sentence, the Eastern District provided Petitioner an opportunity to convert his § 2241 petition to a § 2255 motion to vacate. (Doc. No. 10.) Upon receiving notice from Petitioner agreeing to the conversion (Doc. No. 11), the Eastern District transferred the entire action to this Court, where venue is proper (Doc. Nos. 12-13.) The action was transferred on February 23, 2018.

1

## II. RULE 2

Rule 2(c) of the Rules Governing Section 2255 Proceedings in the United States District Courts requires that motions to vacate follow a specific format. Petitioner's filing does not comply with that requirement. Moreover, it is full of extraneous, irrelevant, and/or repetitive exhibits, including such documents titled "CONDITION OF THE UNITED STATES: 1928 through Present," and "Pope Francis MOTU PROPRIO" interspersed with what may, or may not, be claims for relief.

The Court will provide Petitioner an opportunity to comply with Rule 2(c). The Clerk of Court shall be directed to send Petitioner the correct 28 U.S.C. § 2255 form to complete, sign, and return. Petitioner shall be given a set amount of time to return the <u>completed</u> and signed form.

Furthermore,

1. Petitioner must <u>sign</u> his amended § 2255 motion under penalty of perjury. <u>See</u> § 2255 Rules, Rule 2(b)(5). The instant filing is not signed; instead, Petitioner's name is typed;

2. Petitioner should state his claims for relief, not present them as questions. That approach may be appropriate on appeal, but it is not appropriate in a § 2255 action. Petitioner should state his grounds for relief and supporting facts <u>succinctly</u>;

3. Petitioner should not clutter his amended § 2255 motion with exhibits, personal musings, or the musings of others. The Court is not required to comb through pro se filings in search of claims that may be buried between UCC forms and copies of civil rights complaints filed in other jurisdictions. The Court will not consider the merits of another unwieldy, overladen document like the one Petitioner initially filed; and

4. Petitioner may file <u>relevant</u> documents as exhibits attached to the end of his amended §

2255 motion. As a guide to what is relevant, unless Pope Francis testified in the underlying criminal case, any document issued by him is irrelevant to this action. Additionally, the Court has copies of every document filed in Petitioner's criminal case. Accordingly, Petitioner should cite to relevant documents from his criminal case in his motion, but he is discouraged from filing copies of those documents, as it is unnecessary. Petitioner is forewarned that failure to comply with this Order <u>shall</u> result in dismissal of his § 2255 motion without further notice from the Court.

**IT IS, THEREFORE, ORDERED** that:

1. The Clerk of Court shall mail Petitioner a copy of this Order and a blank 28 U.S.C. § 2255 form; and

2. Petitioner shall have twenty-one (21) days from entry of this Order to complete the § 2255 form, sign it under penalty of perjury, and mail it back to the Clerk of Court for the Western District of North Carolina.

Signed: May 28, 2018

Frank D. Whitney
Chief United States District Judge