UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00088-FDW
(3:06-cr-00096-FDW-1)

| | |
|---|---|
| WILLIAM ROOSEVELT HILL CLOUD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon Petitioner William Roosevelt Hill Cloud's pro se filing titled "Motion Reinstating 28 U.S.C. Subsection 2241 Filing as Correct" (Doc. No. 15) and Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1.)

**I.     RELEVANT PROCEDURAL HISTORY**

Petitioner is a federal prisoner, who, on October 22, 2007, was found guilty after a jury trial of one count of mortgage fraud conspiracy, in violation of 18 U.S.C. § 371; three counts of mail fraud, in violation of 18 U.S.C. § 1341; thirteen counts of bank fraud, in violation of 18 U.S.C. § 1344; one count of money laundering conspiracy, in violation of 18 U.S.C. § 1956(h); and six counts of money laundering, in violation of 18 U.S.C. § 1956(a)(1). United States v. Cloud, 680 F.3d 396, 399 (4th Cir. 2012). The convictions stemmed from Cloud's leadership of a mortgage-fraud conspiracy from 1999 until 2005. Id.

Prior to sentencing, the probation officer prepared a presentence report ("PSR"), calculating Cloud's total offense level as 42 and his criminal history category as I, resulting in an advisory Guidelines range of 360 months to life imprisonment. Id. at 401. The offense level

1

calculation was based on Cloud's estimated intended loss to lenders of $10 million as well as approximately $11 million in collateral loss to the surrounding communities. Id. At sentencing, the Court adopted the intended loss figure, but limited Cloud's collateral loss to $9 million, reducing the total loss amount to just over $19 million, which decreased Cloud's offense level to 39, and his Guidelines range to 262–327 months. Id. The Court sentenced Cloud to 324 months' imprisonment. Id.

Cloud timely appealed. The Fourth Circuit affirmed Petitioner's convictions, except the six money laundering convictions, which it reversed. Cloud, 680 F.3d at 409. The court remanded for resentencing. Id. at 412. The United States Supreme Court denied Cloud's petition for a writ of certiorari. Cloud v. United States, 568 U.S. 862 (2012).

On January 7, 2014, Cloud's filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, raising various challenges to his criminal judgment. 2014 Mot. to Vacate, Cloud v. United States, No. 3:14-cv-00006-FDW (W.D.N.C.), Doc. No. 1. The Court dismissed the motion without prejudice because Cloud had not been resentenced and his judgment therefore was not yet final. Order Dismiss. Mot. to Vacate, id. at Doc. No. 4.

The Court resentenced Cloud and entered an amended judgment on September 23, 2015, sentencing him to a total of 324 months' imprisonment. Am. J. 2, United States v. Cloud, No. 3:06-cr-00096-FDW-1 (W.D.N.C.), Doc. No. 281. Cloud did not appeal the judgment. See "Notice of . . . Decision . . . "Not" to Appeal . . . Judgment," id. at Doc. No. 283.

On January 3, 2017, Cloud filed a 542-page document in the United States District Court for the Eastern District of North Carolina. (Doc. No. 1 – Doc. No. 1-5.) The document purports to be a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1 at 1.) However, because Petitioner's filings challenge the legality, rather than the execution, of his

conviction and sentence, the Eastern District provided Petitioner an opportunity to convert his § 2241 petition to a § 2255 motion to vacate. (Doc. No. 10.) Upon receiving notice from Petitioner agreeing to the conversion (Doc. No. 11), the Eastern District transferred the entire action to this Court, where venue is proper (Doc. Nos. 12-13.) The action was transferred on February 23, 2018.

Subsequently, this Court entered an Order notifying Cloud that his § 2255 Motion failed to comply with Rule 2(c) of the Rules Governing Section 2255 Proceedings in the United States District Courts, which requires that motions to vacate follow a specific format; that is they must identify each ground for relief and state the supporting facts. (Doc. No. 14.) The Court noted also that Cloud's Motion is not signed and that it is full of extraneous, irrelevant, and/or repetitive documents, including those titled "CONDITION OF THE UNITED STATES: 1928 through Present," and "Pope Francis MOTU PROPRIO," as well as UCC forms, and copies of pleadings from other civil cases Cloud has filed. These documents are not attached as exhibits but are interspersed with what may, or may not, be claims for relief.

The Court provided Cloud a blank 28 U.S.C. § 2255 form approved for use in this District and instructed him to complete the form, sign it under penalty of perjury, and return it within 21 days. The Court also warned Cloud that it is not required to comb through pro se filings in search of claims buried within and that it would not consider the merits of another unwieldy, overladen § 2255 motion like the one Cloud originally filed. Finally the Court warned Cloud that his failure to comply with the Court's Order would result in dismissal of his § 2255 Motion without further notice.

On June 25, 2018, Cloud filed a document titled "Motion Reinstating 28 U.S.C. Subsection 2241 Filing as Correct - Motion to Rescind 28 U.S.C. 2241 Construed to a 28 U.S.C.

2255." (Doc. No. 15.) In it, he seeks to rescind his previous permission to convert his § 2241 petition to a § 2255 motion to vacate (Doc. No. 11).

## II. DISCUSSION

In its Order providing Cloud the option of converting the § 2241 petition to a § 2255 motion, the Court for the Eastern District of North Carolina found that Cloud's filings challenged the legality, rather than the execution, of his judgment. (<u>Castro</u> Notice 2, Doc. No. 10.) This Court has reviewed Cloud's "Table of Contents," which lists eight grounds for relief.[1] (Doc. No. 1 at 6-12.) They are: lack of jurisdiction; invalidity of Title 18 of the United States Code; racketeering and collusion among the banks, federal employees and federal district courts; William Roosevelt Hill Cloud, Sui Juris should be released because William Roosevelt Cloud Trust is the real defendant (i.e. lack of personal jurisdiction);[2] Cloud's judgment is void because

---

[1] The Court can only assume these are the grounds upon which Cloud is seeking relief because the "Table of Contents" does not provide page numbers for anything in the 542-page pleading, which itself has no uniform pagination system. For example, to the extent Cloud used a standard § 2241 form, he scattered its pages throughout the pleading, listed "28 U.S.C. § 2241" five times in the "Table of contents," and provided no corresponding page numbers for those items. Petitioner was put on notice by previous Order that the Court is not required to comb through pro se filings in search of claims buried within, but he has declined the opportunity to correct this and other problems with his filing.

[2] Cloud presents this ground for relief (Ground Four) as follows:

> BY ACCEPTING FOR VALUE THE MONETARY AMOUNTS OF THE BILLS AND MAKING PAYMENTS THROUGH THE INTERNAL REVENUE SERVICE THUS SETTLING ALL MONETARY ACCOUNTS SHOULD William roosevelt Hill Cloud, Sui. Juris, remain imprisoned since he is NO LONGER A PRINCIPLE, BUT PRIMARY OWNER OF THE WII.LIAM ROOSEVELT CLOUD RES, the true defendant? (SECRET INFORMATION)

(Tbl. of Contents 8.) On its face, this nonsense question could be construed as challenging the execution of Cloud's sentence, rather than its validity. That is, Cloud appears to be asserting that by allegedly "settling all monetary accounts," he has fully completed his sentence and should be released from incarceration.

The Court finds, however, that Ground Four relates to Cloud's prior attempts to challenge the Court's jurisdiction to resentence him upon remand from the Fourth Circuit by asserting that he, William Roosevelt Hill Cloud, a.k.a. William Roosevelt Hill Cloud-El, is a deceased corporate entity. See Cloud's July 28, 2015 Misc. Filing, Cloud, 3:06-cr-00096-FDW, Doc. No. 279 ("By certified mail 7014 0150 0000 7399 6794 this court accepted said certified mail then complied with the terms specified therein rendering "DECEASED" the entity and corporate person WILLIAM R. H. CLOUD and all variations classified as DEBTOR . . . assuring a collapse of 306cr00096 and Fourth Circuit Court of Appeal Remand dated May 31, 2012[.]") This Court cited Cloud's July 28, 2015 filing and

4

the Government used proxies to determine fair market value of property; the Government committed a Brady violation; the third superseding bill of indictment contained false information; and ineffective assistance of counsel. (Doc. No. 1 at 7, 8, 9, 11, 12.) On their face, Cloud's grounds for relief attack the legality, rather than the execution, of his judgment.

As the Court for the Eastern District of North Carolina explained, "[a] petitioner must challenge the legality of his conviction and sentence under 28 U.S.C. §2255 unless the remedy under section 2255 'is inadequate or ineffective to test the legality of his detention.'" (Castro Notice 2 (quoting 28 U.S.C. § 2255(e); citing Rice v. Rivera, 617F.3d 802, 807 (4th Cir. 2010) (per curiam); In re Jones, 226 F.3d 328, 332-33 (4th Cir. 2000) (per curiam); In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). Section 2255(e) provides a means for petitioners to apply for a traditional writ of habeas corpus pursuant to 28 U.S.C. § 2241. It states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

Section 2255(e) is a jurisdictional provision. See United States v. Wheeler, 886 F.3d 415, 423 (4th Cir. 2018). As such, if a petitioner cannot demonstrate that a § 2255 motion to vacate is inadequate or ineffective to test the legality of his conviction or sentence, his or her § 2241 petition "must be dismissed for lack of jurisdiction." Rice, 617 F.3d at 807.

Under Fourth Circuit law, § 2255 is inadequate and ineffective to test the legality of a

---

a similar earlier filing as aggravating factors at Cloud's resentencing, noting they assert frivolous monetary claims against government entities and display his "continued disregard for the law and engagement in additional fraudulent conduct." Stmt. of Reasons 4, id. at Doc. No. 282.

conviction, when:

> (1) at the time of conviction, settled law of [the Fourth Circuit] or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34; see In re Vial, 115 F.3d at 1194. Section 2255 is inadequate and ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429 (citing Jones, 226 F.3d at 333–34 & n.3; Hill v. Masters, 836 F.3d 591, 595 (6th Cir. 2016); Brown v. Caraway, 719 F.3d 583, 586 (7th Cir. 2013)).

The Court for the Eastern District found Cloud has not demonstrated that § 2255 is an inadequate or ineffective remedy, noting "Cloud does not even address, much less satisfy, Jones's three conditions." (Castro Notice 3.) Thus, the court concluded, "he must proceed under section 2255 rather than section 2241." (Castro Notice 3.)

In his "Motion Reinstating 28 U.S.C. Subsection 2241 Filing as Correct," Cloud does not dispute that he is challenging the legality of his judgment. Nor does he attempt to explain how he meets the Jones and Wheeler tests. Instead, he contends that § 2255 is inadequate or ineffective to test the legality of his detention because this Court and the Court for the Eastern District of North Carolina colluded to deceive him into agreeing to convert his § 2241 petition into a *third* § 2255 motion, so that it can be dismissed as an unauthorized successive motion to

6

vacate.³ (Doc. No. 15.)

As an initial matter, even if Cloud's allegations of collusion were true, they do not render § 2255 inadequate or ineffective to test the legality of his detention. See Jones, 226 F.3d at 333-34; Wheeler, 886 F.3d at 429. Moreover, if Cloud's allegations were true, the Court for the Eastern District would not have needed to provide Cloud notice and an opportunity to withdraw or amend his § 2241 petition before converting it to a § 2255 motion; notice is required only if a court is going to convert a pleading to a *first* § 2255 motion. See Castro v. United States, 540 U.S. 375, 377 (2003).

Cloud's allegations, of course, are not true. For reasons understood only by him, Cloud believes that his 2014 motion to vacate counts as his first § 2255 motion, that the newly converted § 2255 Motion is his second, and that this Court's order requiring him to correct the deficiencies in the newly converted § 2255 Motion is actually an order that he file a third § 2255 motion. Cloud is incorrect on all three. First, this Court dismissed Cloud's 2014 § 2255 motion to vacate *without prejudice* to his ability to refile a § 2255 motion after he had been resentenced and an amended judgment had been entered. Order Dismiss. Mot. to Vacate, Cloud, No. 3:14-cv-00006-FDW at Doc. No. 4. Second, the Court for the Eastern District of North Carolina stated in its Castro Notice that a "court cannot . . . recharacterize a prose litigant's motion as the litigant's *first* [section] 2255 motion unless the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent [section] 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an

---

³ The Antiterrorism and Effective Death Penalty Act of 1996 provides for an express limitation on a prisoner's ability to attack his criminal judgment in successive collateral proceedings. See 28 U.S.C. § 2244. A district court lacks jurisdiction to consider a successive § 2255 motion unless the motion has been certified in advance by a panel of the appropriate circuit court of appeals. See § 2255(h).

opportunity to withdraw; or to amend, the filing." (Castro Notice 3 (quoting Castro, 540 U.S. at 377)) (emphasis added). The court went on to provide Cloud the required notice. (Castro Notice 3-4.) Next, after Cloud agreed to the conversion, this Court did not dismiss the newly converted § 2255 Motion as an unauthorized, successive § 2255 motion, as it would have been required to do had the 2014 motion to vacate counted as Cloud's first § 2255 motion. Finally, this Court gave Cloud the opportunity to correct the deficiencies in the converted § 2255 Motion by filing an *amended* motion on the § 2255 form authorized for use in this District. (Rule 2 Order 2-3 ¶¶ 1, 3, 4, Doc. No. 14.) Accordingly, it should be clear to Cloud that his converted Motion is considered his first motion to vacate.

Regardless, Cloud has moved to rescind his permission to convert his § 2241 petition to a § 2255 motion and to reinstate it as a § 2241 petition. The Eastern District originally gave Cloud the option of accepting conversion, withdrawing the § 2241 petition, or amending it. (Castro Notice 3.) He was not given the option of doing "none of the above." Had Cloud insisted upon maintaining his pleading as a § 2241 petition, however, the Eastern District would have either converted it to a §2255 motion and transferred it here anyway, or dismissed the petition for lack of jurisdiction (Castro Notice 4). Here, Cloud's converted § 2255 Motion is subject to dismissal without further notice because he has failed to comply with this Court's Rule 2 Notice and Order (Doc. No. 14). Furthermore, because he has failed to demonstrate that §2255 is inadequate or ineffective to test the legality of his detention, the Court does not have jurisdiction to consider the merits of Cloud's § 2241 petition. See Rice, 617 F .3d at 807. In short, granting Cloud's Motion does not change the outcome of his § 2241 petition.

As such, the Court shall grant the Motion and direct the Clerk of Court to amend the docket to reflect the reinstatement of the § 2241 petition. The Court shall dismiss Cloud's §

2241 petition for lack of subject matter jurisdiction. See id.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's "Motion Reinstating 28 U.S.C. Subsection 2241 Filing as Correct" (Doc. No. 15) is **GRANTED**;

2. The Clerk shall amend the docket in this action to reflect that Doc. No. 1 is reinstated as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241; and

3. The Petition for Writ Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) is **DISMISSED** for lack of jurisdiction.

Signed: July 16, 2018

_____
Frank D. Whitney
Chief United States District Judge